{¶ 22} I agree with the majority's disposition of both of appellant's assignments of error, but disagree with its reason for doing so.
 {¶ 23} The majority apparently bases its decision on the fact Galatis
effectively eliminated the underlying grounds for appellant's claim against appellee and because Galatis is to be retroactively applied. Unlike the majority, I do not find the issue "moot" because of the intervening Galatis decision. (Maj. Op. at para. 13). I find neither the fact Galatis is an intervening decision nor the fact Galatis applies retroactively is determinative of whether the alleged settlement agreement can be enforced. Although I concede Galatis arguably impacts whether there is adequate consideration on the part of appellant at the time appellant accepted the offer,[1] I do not find Galatis, in and of itself, bars appellant from accepting an offer to settle prior to revocation of that offer.
 {¶ 24} Nevertheless, I concur in the majority's decision to affirm the trial court's judgment. I do so because I find the trial court's determination the initial offer was materially modified relative to structuring of payment is supported by the evidence.[2] I find unpersuasive appellant's argument the offering of a structured settlement is "completely irrelevant." (Appellant's Reply Brief at 6). Appellant confuses mode of payment with manner of payment. The issue is not merely one as to whether payment is to be made in dollar bills or pennies as suggested by appellant, but rather includes issues as to varying amounts and timing of payments.
 {¶ 25} Accordingly, I join in affirming the trial court's decisions, but would limit my reason for doing so solely based upon the trial court's finding there was no meeting of the minds on all the material terms of the settlement before revocation of the offer.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
[1] When determining whether there is adequate consideration to support the settlement, I believe it appropriate to look to the rights and obligations of the parties at the time the offer was made rather than when acceptance of the offer is made where, as here, it is foreseeable there may be a subsequent change in the law affecting those prospective rights and obligations. (The trial court found the Galatis decision made it "questionable" whether consideration existed. June 4, 2004 Judgment Entry at 4.)
[2] I reject appellant's assertion the trial court relied upon hearsay in the Geiser affidavit because I find the challenged statement was not hearsay per Evid. R. 801(D).